# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:09-cr-92 |
| | § | Judge Crone |
| DARRYL JAMES BONDS (1) | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Dismiss Indictment for Lack of Proper Venue (Dkt. #130). Having considered the motion, and the response thereto, the Court is of the opinion that the motion should be denied.

### BACKGROUND

On June 11, 2009, Defendant was indicted in a one-count multi-defendant indictment. Count One charges Defendant with conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846.

On March 27, 2012, Defendant, *pro se*, filed his motion to dismiss for lack of proper venue (Dkt. #130). On March 28, 2012, Judge Marcia Crone referred the motion to the undersigned for consideration and a determination or recommended disposition (Dkt. #132).

Defendant challenges venue because he asserts that there is no evidence of proper venue in the Eastern District of Texas or that Defendant participated in any conspiracy extending to the Eastern District of Texas. Defendant argues that the discovery fails to demonstrate that the conspiracy extended into the Eastern District of Texas.

### ANALYSIS

Because a conspiracy is a "continuing offense," it may be prosecuted in any district in which

the conspiracy was "begun, continued, or completed." 18 U.S.C. § 3237(a). Venue in a conspiracy case is proper in any district where the agreement was formed or where an overt act in furtherance of the conspiracy was performed. *See, e.g., United States v. Caldwell*, 16 F.3d 623, 624 (5th Cir. 1994); *United States v. Winship*, 724 F.2d 1116 (5th Cir. 1984). This is true even when a particular defendant never sets foot in that district. *United States v. Acosta*, 763 F.2d 671, 681 (5th Cir. 1985); *United States v. Garcia Abrego*, 141 F.3d 142, 154 (5th Cir. 1998). When considering a motion to dismiss, the Court considers all well-pleaded facts as true. *United States v. South Florida Asphalt Co.*, 329 F.2d 860, 865 (5th Cir. 1964); *United States v. Emilor*, No. 6:07-CR-1, 2008 WL 2152279, at *18 (E.D. Tex. May 21, 2008).

The Federal Rules of Criminal Procedure provide, "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18. 18 U.S.C. § 3237(a) provides:

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

*See also United States v. Solis*, 299 F.3d 420, 444-45 (5th Cir. 2002).

In his motion, Defendant argues that venue is improper in this district because none of the alleged activities occurred in the Eastern District of Texas. Count One of the Indictment charges, "in the Eastern District of Texas and elsewhere...defendants herein, did knowingly and intentionally combine, conspire, and agree with each other...to knowingly and intentionally possess with the intent

to distribute 1000 kilograms or more...of marijuana..." When evaluating a motion to dismiss the indictment, allegations contained in the indictment are taken to be true. *United States v. Mann*, 517 F.2d 259, 266 (5th Cir. 1975). Defendant has therefore been charged with committing a conspiracy to distribute drugs in the Eastern District of Texas, which is sufficient to provide venue in this district for the purposes of the Indictment. As the Fifth Circuit discussed in *Solis*, whether venue is ultimately proper in this district can be reconsidered in the context of a motion for judgment of acquittal. *See Solis*, 299 F.3d at 444-45.

After taking all well-pleaded facts in the indictment as true, the Court finds that venue is proper in the Eastern District of Texas. Defendant offered no evidence showing that the alleged offense was not "begun, continued, or completed" in this District. Furthermore, the Government asserts that Melvis Denman, the source of supply for Defendant's marijuana, resided in Plano, Texas. Therefore, the Court finds there are sufficient facts to find that the claims against Defendant are properly brought in the Eastern District of Texas and that Defendant's motion to dismiss should be denied.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Dismiss Indictment for Lack of Proper Venue (Dkt. #130) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by

the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 2nd day of April, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE